**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gracie M. Reyes,<br><br>    Plaintiff,<br><br>v.<br><br>City of Phoenix,<br><br>    Defendant. | No. CV-17-04741-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff Gracie M. Reyes' ("Plaintiff") Motion to Reinstate Case. (Doc. 19). Plaintiff argues that the judgment of dismissal against her should be amended and the case reinstated pursuant to Federal Rule of Civil Procedure ("Rule") 59(b) to give her the opportunity to present her claim. Plaintiff asserts that her failure to meet and confer with Defendant City of Phoenix ("Defendant") pursuant to Rule 26(f), her failure to expeditiously initiate communications necessary to prepare the Joint Proposed Case Management Plan ("Joint Plan"), and her failure to provide good cause at the May 10, 2018 show cause hearing was due to her unfamiliarity with the procedures of federal litigation while proceeding *pro se*. Having now obtained outside counsel, Plaintiff argues it is in the interest of justice that the Court allows her to further prosecute her claims. Defendant argues that parties proceeding *pro se* are not exempt from applicable rules of procedure. Defendant asserts further that dismissal is an appropriate sanction for repeatedly failing to comply with Court orders and the motion to reinstate the case is essentially a motion to reconsider the Court's initial decision.

## I. Background

Plaintiff was employed by Defendant for over nine years. (Doc. 1 at 2). Plaintiff filed a complaint *pro se* on December 22, 2017, alleging claims of retaliation, wrongful termination, sex discrimination, and emotional distress against Defendant. (Doc. 1 at 2–6). Plaintiff thereafter received a multitude of *pro se* materials and resources from the Court, including a link to: (1) the Local Rules of Practice for the District of Arizona; (2) the *Handbook for Self-Represented Litigants*; (3) Frequently Asked Questions; and (4) Forms for *Pro Se* Litigants. (Doc. 3 at 6). The Plaintiff was also given notice of the Volunteer Lawyers Program. (Doc. 3 at 7).

Plaintiff did not serve Defendant until March 21, 2018, three months after commencing the action. (Doc. 6). Defendant promptly answered the complaint on March 28, 2018. (Doc. 7). This response triggered the Mandatory Initial Discovery Pilot ("MIDP") under General Order 17–08, (Doc. 4), requiring initial discovery disclosures from both parties within 30 days of the response. (Doc. 8 at 3).

On March 28, 2018, pursuant to Rule 16, the Court set a scheduling conference ("Scheduling Conference") for May 10, 2018. (Doc. 8). Under Rule 26(f), twenty-one days before the Scheduling Conference, the parties are to meet and develop a Joint Plan to be jointly filed not less than ten days before the Scheduling Conference. (Doc. 8 at 2–4). Plaintiff received an Order from the Court stating it is the responsibility of Plaintiff to "expeditiously initiate" the communications necessary to prepare the Joint Plan. (Doc. 8 at 4).

On April 27, 2018, the deadline set in the Court's Rule 16 Order, Defendant mailed its MIDP responses to Plaintiff and filed notice of this with the Court. (Doc. 10). On April 30, 2018, Defendant filed a Rule 26(f) report pursuant to the MIDP with Defendant's Proposed Discovery Plan. (Doc. 11). The plan was missing the factual and legal bases for Plaintiff's claim as well as the discussion and completion of Plaintiff's MIDP responses. (Doc. 11 at 1, 6). According to Defendant, Plaintiff failed to initiate communications to prepare the Joint Plan as required by the Court's Rule 16 Order, and

ultimately failed to respond at all. (Doc. 11 at 1 n.1).

In the first of multiple attempts to set a date for the Rule 16 Scheduling Conference, Defendant called Plaintiff and left a message, and followed-up with an email. (Doc. 11, Ex. A). On April 12, 2017, attorney Lori Brown ("Brown") contacted Defendant, purporting to represent Plaintiff, and requested all relevant documentation and a phone conference to discuss the case. (Doc. 11, Ex. A at 4). On April 16, 2018, Brown sent a follow-up email to Defendant requesting a response. (*Id.*)

On April 17, 2018, Defendant emailed Brown regarding the approaching filing deadline for the Joint Plan. (Doc. 11, Ex. A at 2). On April 18, 2018, Plaintiff directly responded to Defendant and requested a copy of the Scheduling Conference dates. (*Id.*)

Subsequently, Plaintiff emailed Defendant stating she had secured Branham Law Offices PC ("Branham") as her legal representation in this case. (Doc. 11, Ex. A at 13). On April 23, 2018, Defendant sent an email to Branham, listing the upcoming mandatory deadlines under the Court's Rule 16 Order. (*Id.*) On April 24, 2018, Branham responded to Defendant stating they were not representing Plaintiff in this matter. (*Id.*) Defendant notified Plaintiff that Branham was not representing her and requested once again to meet and confer regarding the Joint Plan. (*Id.*)

On April 26, 2018, in response to an email Plaintiff sent that morning, Defendant provided Plaintiff with the draft Joint Plan. (Doc. 11, Ex. A at 5). The email from Plaintiff indicated she believed communication regarding the Joint Plan was Defendant's responsibility. (Doc. 11, Ex. A at 5).

On April 30, 2018, Defendant filed a Notice of Non-Compliance and a Request for Order to Show Cause because of Plaintiff's failure to participate in a Rule 26(f) conference and failure to draft her portion of the Joint Plan. (Doc. 12). The Court ordered that on May 10, 2018, Plaintiff appear and show cause why this case should not be dismissed due to her failure to participate in the preparation of the Joint Plan. (Doc. 13). Further, the order stated that failure to respond to the pending partial motion to dismiss was to be deemed as consent to the motion being granted. (*Id.*)

On May 10, 2018, the Court ruled that the Plaintiff did not show good cause for failing to engage with Defendant in preparing the Joint Plan and failing to respond to the pending partial motion to dismiss. (Doc. 16). The Court ordered dismissal of the case without prejudice and ordered the Clerk of Court to enter judgment accordingly. (Doc. 16). On May 31, 2018, Plaintiff filed the Motion to Reinstate Case, currently pending before this Court. (Doc. 19). On June 18, 2018, Defendant responded. (Doc. 21).

Neither Plaintiff nor Defendant cites the appropriate standard under Rule 59(e). Rather, Plaintiff argues it is in the interest of justice to reinstate the case and continue its prosecution because of her alleged difficulties in navigating the federal litigation system as a *pro se* plaintiff. Now, having obtained legal counsel, she argues that the judicial leniency granted to *pro se* plaintiffs when considering the sufficiency of pleadings and equal access to the courts should be applied to excuse her failure to abide by the procedural rules of federal litigation.

In response, Defendant argues that Plaintiff's motion would merely amount to a reconsideration of the initial judgement. Defendant points to a long line of cases in which *pro se* litigants are held equally accountable for failure to comply with procedural rules, and may be sanctioned for those failures by dismissal of the case. Notwithstanding these cases, Defendant argues that the "incredible difficulties" asserted by Plaintiff are unfounded. In fact, Defendant claims, the Court provided Plaintiff with many *pro se* resources of which she did not avail herself.

**II.    Legal Standard**

Rule 26(f) requires parties to "confer as soon as practicable" and "[i]n conferring, the parties must consider the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case." Fed. R. Civ. P. 26(f). Also pursuant to this rule, the parties are required to "develop a proposed discovery plan" outlining the timing, form, subjects, and possible issues of discovery. *Id.* Rule 37(b)(2)(A)(v) provides for "dismissing the action or proceeding in whole or in part" if a party fails to obey an order under Rule 26(f). Fed. R. Civ. P. 37(b)(2)(A)(v).

Rule 26(a) lists the federal requirements for initial disclosures from the parties. The District of Arizona has a general order detailing discovery requirements under the MIDP. (Doc. 4). Under the MIDP, "a party seeking affirmative relief must serve its responses to the mandatory initial discovery no later than 30 days after the first pleading filed in response to its complaint." (Doc. 4 at 3). Failure to follow this rule is a proper ground for dismissal. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).

Rule 41(b) provides that upon a Plaintiff's "fail[ure] to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it . . . . [A] dismissal under this subdivision . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

A District Court may alter or amend a judgment under Rule 59(e). In order to obtain the relief sought, Plaintiff must provide (1) a valid reason why the Court should reconsider its prior decision, and (2) strongly convincing facts or law to induce the Court to reverse all or part of its prior decision. *Mothershed v. Elwell*, No. CV 04–2594–PHX–JAT, 2006 WL 89937, at *2 (D. Ariz. Jan. 12, 2006). Reconsideration is appropriate if the District Court (1) is presented with new evidence or facts not previously discoverable, (2) the Court committed clear error and the decision was manifestly unjust, or (3) there is an intervening change in the controlling law. *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).

Rule 59(e) motions may not be used to reexamine the initial decision or raise arguments that were available to the party prior to the entry of judgment. *Mothershed*, 2006 WL 89937, at *2. Motions for reconsideration cannot be used merely because a plaintiff disagrees with the Court's decision. *Dixon v. Clark*, No. CV 09–2650–PHX–SRB, 2010 WL 11515672, at *1 (D. Ariz. June 8, 2010). Furthermore, a Rule 59(e) motion offers an "extraordinary remedy" to be used "sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

The pleadings of *pro se* litigants are to be construed liberally; however, even *pro*

*se* plaintiffs must comply with procedural rules. *Mandell v. Am. Exp. Travel Related Servs. Co., Inc.*, 933 F.2d 1014 (9th Cir. 1991). *Pro se* litigants in an ordinary civil case should not be treated more favorably than parties with attorneys of record. *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

### III. Analysis

Plaintiff's Rule 59(e) motion is timely; however, it fails to satisfy the Rule's standards for relief. Plaintiff argues it is in the interest of justice and fairness to grant leniency to *pro se* litigants because of the challenges of navigating the legal system. While this argument may have merit, Plaintiff apparently failed to utilize any of the extensive materials or resources supplied by the Court to assist her in navigating this system.

Additionally, Defendant made repeated requests to meet and discuss the Joint Plan and Plaintiff was unresponsive, even though the Court's order required Plaintiff to initiate these meetings. (Doc. 11 at 1 n.1). Plaintiff also failed to make any discovery disclosures, even after reminders from Defendant about upcoming deadlines. Plaintiff's argument that she needed more time to comply with the deadlines is unpersuasive; Plaintiff waited three months before serving Defendant, during which time she could have been preparing her disclosure materials. Plaintiff failed to take any action to prosecute this case, despite Defendant's noncompulsory assistance.

Furthermore, Plaintiff's case does not fall into any of the categories of cases in which reconsideration may be appropriate. Plaintiff has not presented any new facts or evidence not previously discoverable. Instead, Plaintiff's motion asks the Court to forgive her past actions in failing to engage with Defendant in the litigation process because she was proceeding without an attorney. The Court previously held a hearing in which Plaintiff had the opportunity to show good cause for failing to respond, at which time she could have raised the arguments at issue in this motion; a Rule 59(e) motion is not the appropriate vehicle to request reconsideration of a judgment based on previously available facts.

Additionally, Plaintiff's dismissal does not demonstrate clear error by the Court or a manifestly unjust outcome. The Court has broad authority to sanction parties who fail to follow procedural rules. The Court also provided extensive assistance to the Plaintiff as a *pro se* litigant to ensure that she was informed of these rules. Additionally, Defendant provided Plaintiff with notice of important deadlines and responsibilities throughout litigation. Further still, the Court provided Plaintiff the opportunity to respond and show cause for her failure to communicate in this case; Plaintiff was unable to demonstrate good cause. Plaintiff had multiple chances to rectify her conduct and chose not to do so. Dismissal of this case was not clear error by the Court.

Plaintiff argues that it is in the interest of justice to allow her to reinstate this matter. The cases cited by Plaintiff, however, are distinguishable from the facts of the case at hand. Plaintiff relies upon inapplicable cases discussing whether *pro se* prisoners have adequate access to the legal system, or the degree of leniency that should be granted on motions to dismiss for inadequate pleadings. *White v. Lewis*, 804 P.2d 805 (Riz. Ct. App. 1990) (citing *Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978)). The issue here is not the adequacy of Plaintiff's pleadings; the issue is her failure to respond and participate in the required procedural steps to prosecute her case. Contrary to the arguments made by Plaintiff, there is a long line of case law holding *pro se* litigants to the same standards as represented parties in complying with court rules and orders. *See, e.g.*, *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986); *Jacobsen*, 790 F.2d at 1364.

Plaintiff also cites Rule 2.2, Comment 4 of the Arizona Code of Judicial Conduct, which allows a judge to make reasonable accommodations for *pro se* litigants to allow them fair access to the judicial system. As an initial matter, federal district court conduct is governed by the Code of Conduct for United States Judges, not by the judicial code of a forum state. Furthermore, Plaintiff was given a litany of materials designed to assist *pro se* litigants, which she apparently failed to utilize. The Court and Defendant both provided reminders of required filings and deadlines to Plaintiff. A show cause hearing was held to give her a chance to explain why she repeatedly failed to comply. All of these

actions amount to reasonable accommodations. This rule does not absolve Plaintiff's actions in this case.

**IV.  Conclusion**

For the reasons stated above,

**IT IS ORDERED** that Plaintiff's Motion to Reinstate Case, (Doc. 19), is denied. The Motion for Ruling (Doc. 22) is granted to the extent that this Order resolves the motion to reinstate.

Dated this 14th day of September, 2018.

James A. Teilborg
Senior United States District Judge